Willie **WILLIAMS**, Jr., Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 9855.

United States Court of Appeals
Tenth Circuit.

Aug. 26, 1968.

John M. Draper, Oklahoma City, Okl., on brief for appellant.

B. Andrew Potter, U. S. Atty., and John E. Green, Asst. U. S. Atty., Oklahoma City, Okl., on brief for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

PER CURIAM.

The appellant and four codefendants were indicted for violation of 26 U.S.C. A. §§ 5601 and 5686, for having in their possession and control a still and distilling apparatus contrary to law and for carrying on the business of distilling without being duly licensed. The appellant was tried, and found guilty by a jury, and has taken this appeal. Certain other of the codefendants entered pleas of guilty to the operation of a still.

Appellant asserts that the trial court was in error in refusing to allow the defense to ask certain witnesses for the prosecution the names of the informants and accomplices not charged. More particularly appellant asserts it was error to refuse to permit his attorney to question the revenue agents as to the reason why they searched the particular property on which the still was located.

The record shows that the search was made pursuant to a warrant and appellant did not seek to have the search warrant quashed. The trial court regarded the questions on which the error is based to relate to the warrant itself and refused to require them to be answered.

The codefendants testified and admitted partial ownership of the still which was found upon the premises of some of them, and also testified that appellant assisted in the operation of the still. Appellant appeared in his own behalf and testified that he did not engage in the distilling work.

In this appeal appellant relies upon the case of Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639, for the proposition that the names of the "informers" should be disclosed. In the cited case however the only informer was the person to whom the defendant had sold the heroin which was the subject of the charge. Thus under the facts this informer was in reality the only witness who had direct knowledge of the sale and other than the defendant was the only actor. As the Supreme Court said in its opinion, "* * * this is a case where the Government's informer was the sole participant, other than the accused, in the transaction charged. The informer was the only witness in a position to amplify or contradict the testimony of government witnesses." In the case at bar, however, the several other codefendants who admitted participation in the operation of the still testified at length as to the participation of the accused. The real basis for the objection of the defendant, as indicated by the way in which the questions were asked, was the reason why the particular property was searched. This reason, as the trial court found, related to the search and the search warrant rather than the merits of the case.

In appellant's brief, another reason is put forward to the effect that the defendant wished to show that other people were involved and were equally guilty with the confessed accomplices. This is not a basis for asserting that the trial court was in error. Under the circumstances in this case the trial court was not in error in permitting the Government to withhold the identity of the persons who may have furnished information which provided the reason for the search. As stated in Roviaro v. United States, supra, the privilege recognizes the importance of the obligation

of citizens to come forward with information relating to the commission of crimes and that the preservation of their anonymity encourages them to so perform their duties. The limitations on the privilege are set out in the Supreme Court's opinion in Roviaro.

Affirmed.